J. H. Reynolds *v.* H. J. Battle, Syndic.

This case involves only questions of fact.

APPEAL from the District Court, Parish of Caddo, *Weems,* J. *Williamson & Levissee,* for appellant. *Looney & Wells,* for appellee.

The facts are stated in the opinion of the Court.

Taliaferro, J. This suit originates in the failure of R. A. Cutliff, a builder, to fulfil a contract entered into by him with the plaintiff, to erect for plaintiff certain buildings in the city of Shreveport. The work to be done was specified in a written contract, and the price fixed for its completion at ten thousand two hundred dollars. It was stipulated in the agreement that "the said Cutliff takes from said Reynolds a dwelling-house and five acres of land, being the half of ten-acre lot No. 25, at the sum of $4,500, cash." The contract was afterwards amended, by which the builder undertook to add an additional story to the building, as at first contemplated, for the additional compensation of four thousand dollars, the work to be completed and the building delivered to plaintiff by the 1st of January, 1860.

Cutliff filed a petition in August, 1860, praying the benefit of surrender,

and presented his schedule of debts. He placed upon this schedule the five-acre lot of ground, which he was to get from Reynolds in part payment for the work he obligated himself to do. Reynolds made objections to the lot being placed on the bilan, and protested against its being considered a part of the insolvent's property; but without effect. He thereupon took out an injunction, praying to be recognized as sole owner of the lot, and that the syndic, the defendant in this case, be ordered to erase the entry of said lot from the schedule of the insolvent's property. In answer to the injunction, the syndic contended that the title to the house and lot of ground had passed to Cutliff, by the agreement between him and the plaintiff. He further alleged, that plaintiff had been occupying the house and lot in dispute, from the 27th day of May, 1859, and that he owed rent for the same, etc. Judgment was rendered in the Court below, in favor of the plaintiff, for the sum of two thousand one hundred and eighty-three dollars and fifty cents, with five per cent. interest from judicial demand ; that the building contracts be annulled, and that the plaintiff be declared the legal owner and possessor of the undivided one-half of ten-acre lot No. 25, and the buildings and improvements thereon, etc.; and that the entry on the bilan of assets, of the undivided half of ten-acre lot No. 25 and improvements, be stricken from the same, and the costs of suit to be taxed.

We see no grounds for altering the judgment.

The contract is clearly a conditional one, in which the resolutory condition is implied, and the course taken by the plaintiff seems to have been the proper one for him to pursue.

There seems to have been but little controversy in regard to the amount claimed by plaintiff, as due him in money. The indebtedness appears to have been clearly made out.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs in both Courts.

Civil Code, Articles 2040, 2041, 2042.